J-S44001-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
:             PENNSYLVANIA
:
v. :
:
:
:
JUAN ORTIZ :
:
Appellant : No. 1691 MDA 2021

Appeal from the PCRA Order Entered November 16, 2021
In the Court of Common Pleas of Berks County
Criminal Division at No(s):  CP-06-CR-0001124-2003

BEFORE:  PANELLA, P.J., McLAUGHLIN, J., and PELLEGRINI, J.[*]

MEMORANDUM BY PANELLA, P.J.:          **FILED: MARCH 13, 2023**

Juan Ortiz appeals, *pro se*, from the order dismissing his second petition

for relief filed pursuant to the Post Conviction Relief Act ("PCRA"). **See** 42

Pa.C.S.A. §§ 9541-9546. Ortiz challenges the application of the Sex Offender

Registration and Notification Act ("SORNA") to him. **See** 42 Pa.C.S.A.

§§ 9799.51-9799.75. We affirm.

On February 16, 2005, a jury convicted Ortiz of three counts of indecent

assault, two counts of rape, and one count each of false imprisonment,

kidnapping, and terroristic threats, arising out of Ortiz's rape of his 20-year-

old daughter in February 2003. The trial court sentenced Ortiz to 9½ to 22

years in prison and 15 years of probation. The trial court also determined that

_____

[*] Retired Senior Judge assigned to the Superior Court.

Ortiz was a sexually violent predator and notified Ortiz of his lifetime registration and reporting requirements under Megan's Law III. *See* 42 Pa.C.S.A. §§ 9795.1-9799.4 (expired). This Court affirmed the judgment of sentence. *See Commonwealth v. Ortiz*, 1943 MDA 2005 (Pa. Super. filed Dec. 1, 2006) (unpublished memorandum).

In February 2007, Ortiz filed a timely PCRA petition. The PCRA court dismissed the petition. This Court found most claims lacked merit but remanded for a hearing on a single issue – whether trial counsel was ineffective for failing to communicate a plea offer. *See Commonwealth v. Ortiz*, 604 MDA 2009 (Pa. Super. filed Dec. 2, 2010) (unpublished memorandum). After a hearing, the PCRA court dismissed the claim, and this Court affirmed the dismissal. *See Commonwealth v. J.O.*, 577 MDA 2011 (Pa. Super. filed Feb. 6, 2012) (unpublished memorandum).

In December 2017, Ortiz filed a second *pro se* PCRA petition, and a supplemental petition, arguing that SORNA should not apply to him. The PCRA court appointed counsel, who filed a *Turner*/*Finley*[1] letter and a petition to withdraw as counsel. The PCRA court entered a Pa.R.Crim.P. 907 notice, finding the petition was untimely and Ortiz did not invoke any exception to the PCRA time-bar. Thereafter, the PCRA court dismissed the petition and granted counsel's petition to withdraw. This Court, in a divided memorandum,

---

[1] *See Commonwealth v. Turner*, 544 A.2d 927 (Pa. 1988); *Commonwealth v. Finley*, 550 A.2d 213 (Pa. Super. 1988) (*en banc*).

vacated the order and remanded the case to the PCRA court for reconsideration of Ortiz's challenge to SORNA, pursuant to **Commonwealth v. Lacombe**, 234 A.3d 602 (Pa. 2020). **See Commonwealth v. Ortiz**, 657 MDA 2020 (Pa. Super. filed Jul. 27, 2021) (unpublished memorandum).

On August 13, 2021, the PCRA court entered a Rule 907 notice. Ortiz filed a response. Thereafter, on November 16, 2021, the PCRA court dismissed the petition. This timely appeal followed.[2]

On appeal, Ortiz raises the following questions for our review:

1. Did the Court of Common Pleas of Berks County [err] in its determination that an evidentiary hearing was not required when requested by [Ortiz] to present evidence of his innocence when the court is well-aware [Ortiz] is a layman and can barely speak English, let alone be expected to fully comply with all mandated rules of procedure and such evidence of actual innocence has been presented to the court numerous times before?

2. Did the Court of Common Pleas of Berks County err in its determination that the underlying facts of the case do not implicate whether SORNA requirements imposed on [Ortiz] are punitive post-[**Commonwealth v.**] **Muniz**[, 164 A.3d 1189 (Pa. 2017) (plurality)]?

Appellant's Brief at 3 (some capitalization omitted).

_____

[2] Ortiz's appeal was docketed on December 20, 2021, which is outside the required 30-day period to file an appeal. **See** Pa.R.A.P. 903(a). However, Ortiz dated and mailed the appeal on December 15, 2021. **See** Trial Court Opinion, 1/27/22, at 1 (stating that a "timely notice of appeal was filed on December 15, 2021[,] and received by the [trial c]ourt on December 20, 2021."). "Under the prisoner mailbox rule, we deem a *pro se* document filed on the date it is placed in the hands of prison authorities for mailing." **Commonwealth v. Crawford**, 17 A.3d 1279, 1281 (Pa. Super. 2011); **see also** Pa.R.A.P. 121(f). Accordingly, Ortiz timely filed his appeal.

Preliminarily, the Pennsylvania Supreme Court determined that SORNA registrants should not be restricted to using the PCRA as the sole means for challenging registration requirements. ***See Lacombe***, 234 A.3d at 617. Consequently, SORNA registrants seeking relief from such requirements need not do so in a timely PCRA petition. ***See id.*** at 617-18. Therefore, despite the fact that Ortiz's PCRA petition is facially untimely, his challenge to his sex offender registration is not subject to the PCRA's time limits. ***See Commonwealth v. Smith***, 240 A.3d 654, 658 (Pa. Super. 2020).

A constitutional challenge to the retroactive application of SORNA presents a question of law, and our scope of review is plenary and standard of review is *de novo*. ***See Commonwealth v. Morgan***, 258 A.3d 1147, 1152 (Pa. Super. 2021).

Ortiz contends that his lifetime registration requirements as an SVP are not retroactively applicable pursuant to ***Muniz***. ***See*** Appellant's Brief at 7-8. Ortiz highlights that he could challenge the application of the sexual offender registration statute outside the PCRA's framework based upon ***Lacombe***. ***See id.*** at 8-9. Ortiz also argues that the PCRA court should have held an evidentiary hearing to decide this issue. ***See id.*** at 10.

At the time of his convictions, Ortiz was subject to the registration requirements of Megan's Law III. Since that time, our laws governing sexual offender registration have undergone several changes. ***See Lacombe***, 234 A.3d at 608-17 (explaining the history of changing sexual offender registration

laws following Megan's Law). Notably, in response to **Muniz**,[3] the case relied upon by Ortiz, the General Assembly divided SORNA into two subchapters. Ortiz is subject to the registration requirements established in Subchapter I of SORNA because he committed his offenses in February 2003, and his registration requirements have not expired. **See** 42 Pa.C.S.A. § 9799.52(1) (providing that Subchapter I applies to individuals who were "convicted of a sexually violent offense committed on or after April 22, 1996, but before December 20, 2012, whose period of registration with the Pennsylvania State Police … has not expired").

In **Lacombe**, our Supreme Court held that the registration requirements set forth in Subchapter I are nonpunitive in nature. **See Lacombe**, 234 A.3d at 626. Therefore, retroactive application of Subchapter I of SORNA does not violate the *ex post facto* clause. **See id.** at 626-27.[4]

---

[3] In **Muniz**, our Supreme Court held that registration requirements established by SORNA constitute criminal punishment rather than a civil penalty, and therefore, their retroactive application violates the *ex post facto* clauses of the United States and Pennsylvania Constitutions. **See Muniz**, 164 A.3d at 1193, 1223. Later, in **Commonwealth v. Butler**, 173 A.3d 1212, 1217-18 (Pa. Super. 2017), this Court declared unconstitutional section 9799.24(e)(3) of SORNA, which outlined SVP designation procedures.

[4] We note that our Supreme Court concluded that the registration and notification requirements for SVPs under Subchapter H of SORNA, which does not apply to Ortiz, do not constitute criminal punishment. **See Commonwealth v. Butler**, 226 A.3d 972, 993 (Pa. 2020) ("**Butler II**"). The Court held that the procedure for designating individuals as SVPs "remains constitutionally permissible" in light of the fact that the reporting requirements are nonpunitive. **Id.** at 976.

Based upon the foregoing, Ortiz's lifetime registration requirement remains valid, and he is not entitled to relief on his claim. *See Smith*, 240 A.3d at 657 ("Because offender registration requirements evolve pursuant to the legislative decisions of our General Assembly, registrants must comply with **current** law." (emphasis in original)). Additionally, Ortiz's failure to establish any genuine issue of material fact demonstrates that the PCRA court properly dismissed his petition without a hearing. *See Commonwealth v. Maddrey*, 205 A.3d 323, 328 (Pa. Super. 2019) (stating that "[t]here is no absolute right to an evidentiary hearing on a PCRA petition, and if the PCRA court can determine from the record that no genuine issues of material fact exist, then a hearing is not necessary." (citation omitted)).[5]

---

[5] We note that Ortiz raises an argument that he was innocent of the crimes. *See* Appellant's Brief at 9-10. However, Ortiz's bald argument is not supported by pertinent case law or analysis; therefore, it is waived. *See Commonwealth v. Johnson*, 985 A.2d 915, 924 (Pa. Super. 2009) (noting that "where an appellate brief fails to provide any discussion of a claim with citation to relevant authority or fails to develop the issue in any other meaningful fashion capable of review, that claim is waived."); *see also* Pa.R.A.P. 2119(a). In any event, this claim is subject to the PCRA's jurisdictional requirements. *See Commonwealth v. Abu-Jamal*, 833 A.2d 719, 737-738 (Pa. 2003). Accordingly, Ortiz's PCRA petition was untimely filed, and he fails to invoke any exceptions to the PCRA's time-bar. *See* 42 Pa.C.S.A. § 9545(b)(1).

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 3/13/2023